# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 18-10146-EFM

CESAR RODRIGUEZ-ROMO,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on the Government's Motion to Dismiss the Indictment (Doc. 12). The Government seeks to dismiss the Indictment without prejudice, but Defendant Cesar Rodriguez-Romo contends that the proper disposition is dismissal with prejudice. For the reasons explained below, the Court grants the Government's motion and dismisses the Indictment without prejudice.

### I.    Factual and Procedural Background

On October 10, 2018, the grand jury charged Defendant with one count in violation of 8 U.S.C. § 1326(a) and (b)—reentry of a removed alien. The Indictment alleges that Defendant was a citizen of Mexico and not a citizen and national of the United States; that Defendant was previously deported on April 23, 2004, and November 4, 2008; and that Defendant was found in the United States after voluntarily reentering without obtaining the appropriate permission.

Defendant was released on bond by the United State Magistrate Judge on October 17. That same day, the Court entered a Scheduling Order setting the matter for jury trial on December 18. Subsequently, the Department of Homeland Security Immigration and Customs Enforcement (ICE) removed Defendant from the United States under a previously entered Stipulated Order of the Immigration Judge for Defendant's removal.

On December 8, the Government moved to dismiss the Indictment without prejudice under Federal Rule of Criminal Procedure 48(a). Defendant agrees that the Indictment should be dismissed but argues that it should be with prejudice.

## II. Analysis

Rule 48(a) states that "[t]he government may, with leave of court, dismiss an indictment." The rule is designed to protect a defendant "against prosecutorial harassment, e.g. charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection."[1] The Tenth Circuit has stated that "to honor the purpose of the rule, the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision."[2] Generally, a court is required to grant a dismissal without prejudice unless the dismissal is contrary to the public interest.[3]

The Government's motion does not set forth the reasons for dismissal, but Defendant's deportation is clearly the basis for the request. Defendant contends that the Indictment should be dismissed with prejudice because (1) if Defendant is found in the United States in the future, he

---

[1] *Rinaldi v. United States*, 434 U.S. 22, 30 n.15 (1977) (citations omitted).

[2] *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984).

[3] *United States v. Amaya*, 206 F. App'x 757, 761 (10th Cir. 2006) (citation omitted).

will be subject to a new illegal reentry charge in that jurisdiction thereby obviating the need to re-file this case; and (2) Defendant's removal was preventable if the Department of Justice (DOJ) and the Department of Homeland Security (DHS) communicated with each other and agreed to stay the immigration detainer until completion of the criminal prosecution.

As Defendant points out, the Tenth Circuit has expressed its frustration with DOJ and DHS's inability to work together in regard to criminally charged aliens who are subject to immigration detainers. In *United States v. Ailon-Ailon*,[4] the Tenth Circuit addressed whether the risk of deportation establishes a serious risk such that a defendant may be detained before trial.[5] In arguing for detainer, the Government noted that ICE is required to remove an alien within 90 days of his release on bond.[6] The court, however, did not find this persuasive, stating that the regulations allow ICE to temporarily prevent removal if the alien is a party to a criminal case.[7] Recognizing the potential conflict between DOJ and ICE's responsibilities, the Tenth Circuit stated that this "is a matter for the Executive Branch to resolve internally. 'The problem here is not that defendant will absent himself from the jurisdiction, but that two Article II agencies will not coordinate their respective efforts. . . It is not appropriate for an Article III judge to resolve Executive Branch turf battles.' "[8] Ultimately, the Tenth Circuit concluded that the risk that a

---

[4] 875 F.3d 1334 (10th Cir. 2017).

[5] *Id*. at 1337.

[6] *Id*. at 1339.

[7] *Id*. (citing 8 C.F.R. § 215.2(a)).

[8] *Id*. (quoting *United States v. Barrera-Omana*, 638 F. Supp. 2d 1108, 1111 (D. Minn. 2008)).

defendant will "flee," as that term is defined in the Bail Reform Act, does not include the risk that ICE will deport the defendant.[9]

*Ailon* addresses the standards for release under the Bail Reform Act. It does not address whether a dismissal under Rule 48(a) should be with or without prejudice. Furthermore, after concluding that the defendant should be released on bond, the Tenth Circuit ordered that after the conditions of release were met, the United States Marshals must release the defendant to ICE custody pursuant to the detainer.[10]

Defendant cites two additional district court cases in support of his argument, but neither is persuasive. In *United States v. Clemente-Rojo*,[11] Judge Belot denied the Government's motion to detain the defendant prior to trial and stated that if ICE elected to take the defendant into custody, the court would dismiss the indictment with prejudice.[12] After ICE executed the detainer, the Court dismissed the indictment with prejudice but offered no explanation as to why that was the proper ruling.[13] And in *United States v. Trujillo-Alvarez*,[14] the government wanted to maintain its prosecution of the defendant, not dismiss it. The defendant in that case was released from custody under certain conditions that included, in part, limiting his travel to certain counties in Oregon unless he received permission from pretrial services.[15] ICE then took the defendant into custody

---

[9] *Id*. at 1339.

[10] *Id*.

[11] No. 14-10046-MLB (D. Kan. 2014).

[12] *Id*. Doc. 27 at 6 n2.

[13] *Id*. Doc. 31.

[14] 900 F. Supp. 2d 1167 (D. Or. 2012).

[15] *Id*. at 1172.

and removed him to the detention center in Tacoma, Washington.[16] The defendant moved for an order to show cause as to why ICE should not be found in contempt of court.[17] Relying on its inherent supervisory powers, the court ordered the government to return the defendant to the district and release him, stating that otherwise the criminal charge "will be dismissed with prejudice."[18] The court based its decision in part on the fact that the defendant's detention was interfering with his right to counsel.[19] Thus, *Trujillo-Alvarez* is clearly inapplicable to this case.

The Government cites *United States v. Alvarado-Velasquez*[20] as persuasive authority. The defendant in that case was detained by ICE after the magistrate judge granted pretrial release, and ICE deported the defendant before trial.[21] Examining the extent of its discretion under Rule 48(a), the court concluded that it was "duty bound" to grant the government's request for dismissal of the indictment without prejudice unless "it specifically determine[d] that the government [was] operating in bad faith."[22] Because the court found that the government did not act in bad faith, it granted the dismissal without prejudice.[23] The court added, however, that the two federal agencies should cooperate in the future or "the ruling may be quite different should the same circumstances arise again in the future."[24]

---

[16] *Id*.

[17] *Id*.

[18] *Id*. at 1180-81.

[19] *Id*. at 1180.

[20] 322 F. Supp. 3d 857 (M.D. Tenn. 2018).

[21] *Id*. at 858-59.

[22] *Id*. at 860 (quoting *United States v. Mujahid*, 491 F. App'x 859, 860 (9th Cir. 2012)).

[23] *Id*.

[24] *Id*.

Judge Broomes recently addressed this issue in *United States v. Rojas*.[25] Like the instant case, the defendant in *Rojas* was detained by ICE after a magistrate judge granted pretrial release. ICE then deported the defendant before trial.[26] The government moved to dismiss the indictment without prejudice, and the defendant opposed the motion on the basis that the dismissal should be with prejudice.[27] The defendant's arguments were nearly identical to those asserted in this case, and he relied on *Ailon*, *Clemente-Rojo*, and *Trujillo-Alvarez* in support of his arguments.[28] Judge Broomes also found these decisions inapplicable and focused instead on the government's discretionary power to dismiss an indictment before trial under Rule 48(a).[29] According to the court, this discretionary power is subject only to the review by the court to prevent harassment of the defendant or other action that is contrary to public interest.[30] Because granting the motion without prejudice was not against the public interest and because there were no facts indicating that the dismissal was intended to harass the defendant, the court granted the government's motion to dismiss the indictment without prejudice.[31]

This Court agrees with the *Alvarado-Velasquez* and *Rojas* decisions and concludes that the proper disposition of this action is dismissal without prejudice. Granting the Government's motion is not contrary to the public interest, and nothing in the record indicates that the dismissal

---

[25] 2018 WL 6696570 (D. Kan. 2018).

[26] *Id*. at *1.

[27] *Id*.

[28] *Id*. at *2.

[29] *Id*. at *2-*3.

[30] *Id*. at *3 (citing *Amaya*, 206 F. App'x at 760).

[31] *Id*.

constitutes an effort to harass Defendant.  Defendant's deportation is an obvious and valid reason for dismissing the Indictment.  After all, Defendant stipulated to an order of deportation in 2004, and once the magistrate judge released Defendant from the Court's custody, this deportation order was enforceable.  Moreover, as Judge Broomes noted in his decision, there is no reason why the Government's election of dismissal without prejudice should confer immunity on Defendant for the alleged offense.[32]  The prospect of refiling may dissuade Defendant from reentering the United States, but that is not contrary to the public interest.[33]  In addition, the statute of limitations prevents the Government from bringing this charge again after an unreasonable amount of time.[34]  Therefore, the Court grants the Government's Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Government's Motion to Dismiss Indictment (Doc. 12) is **GRANTED**.  The Indictment is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated this 6th day of March, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[32] *Id*.

[33] *Id*.

[34] *Id*.